Bradley P. Knypstra, (CSBN:177901)
KNYPSTRA ZERMENO, LLP
895 Dove Street, 3rd Floor
Newport Beach, CA 92660
(949) 432-3802
brad@kztriallawyers.com

Attorneys for Plaintiff:
Charles Hance dba Coast Corvette Parts

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT – SOUTHERN DIVISION

| | |
|---|---|
| Chuck Hance, an individual dba Coast Corvette Parts, <br><br> Plaintiff, <br><br> Vs. <br><br> North American Bankcard, LLC a Michigan Limited Liability Company, doing business as "North" AND EPX Acquisition Company, LLC an Ohio Limited Liability Company. <br><br> And does, 1 To 50, <br><br> Defendants. | **CASE NO: 8:26-cv-00915** <br><br> **COMPLAINT FOR:** <br> **1. Fraud-Intentional Misrepresentation** <br> **2. Conversion** <br> **3. Breach of Contract** <br> **4. Breach of Implied Covenant of Good Faith and Fair Dealing** <br> **5. Unjust Enrichment** <br> **6. Money Had and Received** <br> **7. Fraudulent Concealment** <br> **8. RICO 18 U.S.C. § 1961** <br> **9. Accounting** <br><br> **JURY TRIAL DEMANDED** |

## I.      INTRODUCTION

1)      This This is an action arising from a multi-year fraudulent scheme in which Defendants, acting as credit card processors, falsely represented to Plaintiff that they were withholding funds from Plaintiff's merchant account for payment to the Internal Revenue Service ("IRS"), when in fact no such payments were made.

2) Defendants, compounded their fraud by issuing and mailing false IRS 1099 form falsely indicating that funds had been remitted to the IRS or accounted for, thereby exposing Plaintiff to potential tax liability, penalties, and financial harm.

3) Over a period of approximately three (3) years or more, Defendants systematically withheld Plaintiff's funds, misrepresented the purpose of the withholdings, fabricated tax documentation, and refused to return the funds.      In truth, Defendants retained the funds for their own use, failed to remit any such funds to the IRS, and refused to return the money despite multiple demands.

4) Defendants' conduct constitutes fraud, conversion, racketeering activity, and multiple violations of federal and state law, entitling Plaintiff to compensatory damages, treble damages, punitive damages, restitution, attorneys' fees, and all available enhanced remedies. Plaintiff also suffered significant financial harm, loss of business funds, consequential damages and emotional distress.

## II. JURISDICTION AND VENUE

5) This Court has subject matter jurisdiction under **28 U.S.C. § 1332(a)** (diversity jurisdiction). This Court also has federal question jurisdiction under 28 U.S.C. § 1331 because this action arises under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq.  This Court has supplemental jurisdiction over related state law claims under 28 U.S.C. § 1367.

6) Plaintiff is a citizen of California.

7) Defendants are citizens of Michigan and Ohio, respectively.

8) The amount in controversy exceeds $300,000, exclusive of interest and costs.

9) Venue is proper in this District under **28 U.S.C. § 1391(b)** because: Plaintiff resides in this District; A substantial part of the events giving rise to the claims occurred in this District and the harm was suffered in this District.

### III.    PARTIES

10)    Plaintiff **Charles Hance** is an individual residing in Orange County, California, and does business as **Coast Corvette Parts**.

11)    Defendant **North American Bankcard, LLC**, now doing business as **North**, is a payment processing company that conducts business throughout California.

12)    Defendant **EPX Acquisition Company, LLC** is an Ohio limited liability company that acted in concert with North American Bankcard, LLC in processing Plaintiff's transactions.

13)    Plaintiff is informed and believes that Defendants acted as agents, partners, joint venturers, and/or alter egos of one another.

14)    The true names and capacities of DOES 1–50 are unknown.

15)     Plaintiff operates a business selling automotive parts under the name Coast Corvette Parts.

16)    Plaintiff entered into an agreement with Defendants for credit card processing services.

17)    Under this arrangement, Defendants collected customer payments on behalf of Plaintiff.

18)    In or about 2022, Defendants began withholding significant funds belonging to Plaintiff claiming it was for IRS withholding purposes.

19)    When Plaintiff inquired, Defendants represented that: The funds were being withheld for IRS obligations, and the funds would be remitted to the IRS.  These Defendants and each of them issued and sent 1099's for years 2022, 2023, and 2024, to Plaintiff via U.S Mail falsely representing they had made such IRS payments\Reporting on Plaintiff's behalf.

20)    These representations were material and were relied upon by Plaintiff.

21)     Plaintiff reasonably believed Defendants' representations due to their role as financial intermediaries.

22)     In reality, Defendants did not remit the funds to the IRS, instead the Defendants illegally retained the funds for themselves.

23)     Later in 2024 Plaintiff discovered that no such IRS payments had been made.

24)     Plaintiff demanded the return of the funds withheld.

25)     Defendants refused and did not return the funds.

26)     As a direct result, Plaintiff suffered: Loss of business funds; Cash flow disruption; Financial damage and additional tax exposure and penalties, and emotional distress.

27)     Defendants 'conduct was intentional, fraudulent, and oppressive as Defendants and each of them knew they had stolen Plaintiff's money but continually lied through their customer service staff to perpetuate this continuing fraud.  Defendants and each of them put their own financial position a head of their customers even after Plaintiff notified them numerous times of the fraud.  Defendants and each of them continued to steal money from Plaintiff even after he put each of them on notice he was having financial problems and issues with the IRS including penalties and interest.  All the acts by each of these defendants were done maliciously, wilfully and with a conscious disregard of Plaintiffs' rights causing him cruel and unjust hardship so that an award of punitive damages would be appropriate.

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### [Fraud - Intentional Misrepresentation]

28)     Plaintiff realleges all prior paragraphs as fully set forth here again.

29)     Defendants knowingly made false representations Plaintiff's funds were being withheld for IRS payments.

30)     Defendants knew these statements were false.

31)    Defendants intended Plaintiff to rely on them.

32)    Plaintiff reasonably relied on these representations.

33)    Plaintiff was damaged as a direct result of this conduct.

## SECOND CAUSE OF ACTION

### [Conversion]

34)    Plaintiff realleges all prior paragraphs as fully set forth here again.

35)    Plaintiff had a right to the possession of his funds.

36)    Defendants wrongfully exercised dominion over Plaintiff's funds.

37)    Defendants refused to return the funds upon demand.

38)    This constitutes conversion.

## THIRD CAUSE OF ACTION

### [Breach of Contract]

39)    Plaintiff realleges all prior paragraphs as fully set forth here again.

40)    Plaintiff entered into a credit card processing agreement with Defendants for credit card payment processing, whereby Defendants and each of them were to pay Plaintiff his funds after they had processed the charge.

41)    Defendants and each of them breached this agreement by: Improperly withholding funds; Misusing Plaintiff's funds and failing to remit Plaintiff rightful funds to him in a timely manner.

42)    Plaintiff suffered damages as a result therefrom.

## FOURTH CAUSE OF ACTION

### [Breach of the Implied Covenant of Good Faith and Fair Dealing]

43)    Plaintiff realleges all prior paragraphs as fully set forth here again.

44)    Defendants unfairly interfered with Plaintiff's contractual rights.

45)    Defendants acted in bad faith by misrepresenting the purpose of the withheld funds.

## FIFTH CAUSE OF ACTION

### [Unjust Enrichment]

46)    Plaintiff realleges all prior paragraphs as fully set forth here again.

47)    Defendants were unjustly enriched by wrongfully retaining Plaintiff's funds.

48)    It would be inequitable for Defendants to retain those funds.

## SIXTH CAUSE OF ACTION

### [Money Had and Received]

49)    Plaintiff realleges all prior paragraphs as fully set forth here again.

50)    Defendants received money belonging to Plaintiff.

51)    Defendants have not returned the money.

## SEVENTH CAUSE OF ACTION

### [Fraudulent Concealment]

52)    Plaintiff realleges all prior paragraphs as fully set forth here again.

53)    Defendants concealed the fact these funds were not remitted to the IRS.

54)    Plaintiff would not have allowed the funds to remain withheld had he known the truth.

## EIGHTH CAUSE OF ACTION

### [RICO – 18 U.S.C. § 1962(c)]

55)    Plaintiff realleges all prior paragraphs as fully set forth here again.

56)    Defendants constitute an enterprise engaged in interstate commerce.

57)    Defendants conducted a pattern of racketeering activity, including mail fraud in violation of (18 U.S.C. § 1341).

58)    The predicate acts were creating false IRS 1099 forms and mailing them to Plaintiff vis U.S Mail for several years.  The did so over three years full knowing they never sent the funds to the IRS and had kept the funds for themselves.

59)    Plaintiff was injured by Defendants' RICO violations.

60)     Plaintiff is entitled to treble damages and attorneys' fees under 18 U.S.C. § 1964(c).

## NINTH CAUSE OF ACTION

### [Accounting]

61)     Plaintiff realleges all prior paragraphs as fully set forth here again.

62)     Defendants have failed and refused to provide a full, true, and accurate accounting of all funds received on behalf of Plaintiff, all amounts withheld for IRS, all amounts actually remitted (if any) to IRS, and the disposition of the funds retained by Defendants.

63)     The financial transactions at issue are numerous and complex, involving multiple transactions over several years, making it impracticable for Plaintiff to ascertain the exact amount owed without a full accounting.

64)     Plaintiff is informed and believes that the exact amount of money owed to Plaintiff cannot be determined without an accounting because the relevant records are within Defendants' exclusive possession and control.

65)     Plaintiff has demanded that Defendants provide a full accounting of all such funds, but Defendants have failed and refused to do so.

66)     Plaintiff is therefore entitled to an accounting of all monies received, held, withheld, and disbursed by Defendants, and a determination of the amount due to Plaintiff.

## VI.     PRAYER FOR RELIEF

1)     For General damages according to proof;

2)     For Compensatory damages;

3)     For restitution of all wrongfully withheld funds;

4)     For punitive damages (fraud, oppression, malice);

5)     For Interest;

6)     For Costs of Suit;

7)     For Attorney's fees,

8)      A complete Accounting of all funds;

9)      For such other relief as the Court deems just and proper.

### VII.   DEMAND FOR JURY TRIAL

Plaintiff hereby demand a trial by jury on all issues so triable.


Dated: 4/14/2026                          KNYPSTRA ZERMENO, LLP

                                          _____

                                          Bradley P. Knypstra, Attorney for Plaintiff